JOHN NEAL, plaintiff in error, *vs.* GEORGE PATTEN *et al.*, defendants in error.

Where a bill had been filed to marshal the assets of an estate, and under an interlocutory decree, the assets had been reduced to money, and were in the hands of a Receiver:

*Held*, That it was error in the Court to dismiss from the litigation such judgment creditors, parties to the proceeding, as held judgments founded on debts contracted before June 1, 1865, on the ground that said judgment creditors had not filed the affidavit that all legal taxes had been paid, as provided by the Act of October 13, 1870.

Relief Act of 1870. Before Judge O'NEAL. Mitchell Superior Court. June, 1871.

In a contest over money in the hand of a Receiver, the Court dismissed the bill as to Neal, a judgment creditor claiming said fund, because, while his judgment was founded upon a contract made prior to June, 1865, he had filed no affidavit as to having paid the taxes on it, as required by the Relief Act of 1870. That is assigned as error: See Neal *vs.* Patten, 40 Georgia Reports, 363, for the original proceeding.

LYON & DEGRAFFENREID; VASON & DAVIS, for plaintiff in error.

WRIGHT & WARREN ; J. L. SEWARD ; A. D. HAMMOND ; J. RUTHERFORD, for defendants.

McCAY, Judge.

The debt of the plaintiff in error was reduced to judgment before the passage of the Act of October, 1870, and he is not now seeking a judgment upon it. His suit is not pending, but has been ended by a judgment in his favor. The first section of the Act does not, therefore, apply to it. Nor is it levied, or about to be levied, so that section 5 of the Act of 1870 does not meet the case. Here is a trust fund. It is in the hands of the law. The different claimants are brought before the Court, to determine to whom it shall be paid. The plaintiff has a debt, ascertained by law. It is a judgment. There is nothing in the Act of 1870 to meet the case. He is neither seeking a judgment on his debt, nor is he pursuing the property of the defendant by levy. The Act of 1870 is careful to say nothing affecting the *debt itself*, in the cases it provides for. A pending suit is to be *dismissed* if the affidavit is not made within the time prescribed, and no levy or sale is to be had unless the same thing is done. The plaintiff in error was in neither of the situations provided for. This Court has no right or power to provide that a case not provided for shall come within the Act.

Judgment reversed.